RECEIVED
WESTERN DISTRICT OF
TONY R. MOORE, CLERK
5/8/15
YT

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

a

| | |
|---|---|
| **DARREN DEWAYNE KING (#301840)** | **DOCKET NO. 15-cv-1031; SEC. P** |
| **VERSUS** | **JUDGE DRELL** |
| **BRENDA SMILEY, ET AL.** | **MAGISTRATE JUDGE KIRK** |

## REPORT AND RECOMMENDATION

Pro se petitioner Darren Dewayne King filed the instant "Notice of Appeal" on March 31, 2015. [Doc. #1] He was granted leave to proceed in forma pauperis on April 22, 2015. [Doc. #6] Petitioner is an inmate in the custody of the Louisiana Department of Corrections, incarcerated at the Winn Correctional Center in Winnfield, Louisiana. He filed a "Notice of Appeal" in this Court, seeking to challenge an order issued in the Eighth Judicial District Court, Winn Parish. He asks that this Court instruct the state district judge to allow Petitioner to proceed without prepayment of court costs.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with 28 U.S.C. §636 and the standing orders of the Court.

### *Procedural Background*

Petitioner apparently has a lawsuit pending in the 8th Judicial District Court against Warden Tim Keith, Ms. Brenda Smiley, Asst. Warden Nicole Walker, and Manager Director Lane Blair. [Doc. 1, p.5] The 8th JDC granted Petitioner's application to proceed in forma pauperis pursuant to Louisiana R.S. 15:1186A(1), and noted

that the proceeding was automatically stayed until all costs or fees due to the Clerk of Court were paid in full.  [Doc. #1, p.5]

Petitioner claims that the stay should be lifted pursuant to Federal Rule of Appellate Procedure 24(a)(2) and 28 U.S.C. §1915(b)(1) and (2).

### *Law and Analysis*

Plaintiff is a prisoner who has been permitted to proceed *in forma pauperis*.  As a prisoner seeking redress from an officer or employee of a governmental entity, Plaintiff's complaint is subject to preliminary screening pursuant to 28 U.S.C. §1915A.  See Martin v. Scott, 156 F.3d 578, 579-80 (5th Cir. 1998)(per curiam).  Because he is proceeding *in forma pauperis*, his complaint is also subject to screening under §1915(e)(2).  Both §1915(e)(2)(B) and §1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).  A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." Id. at 327. A claim is factually frivolous when the facts alleged are "clearly baseless", 490 U.S. at 327, a category encompassing allegations that are

"fanciful,"[1] "fantastic,"[2], and "delusional[3]." See Denton v. Hernandez, 504 U.S. 25, 32-33 (1992). A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); *accord* Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

Petitioner seeks to appeal a state district court order in this Court. The federal district court is not an appellate court, however. Moreover, the Rooker-Feldman doctrine holds that "'**federal district courts, as courts of original jurisdiction, lack appellate jurisdiction to review, modify, or nullify final orders of state courts.**'" See Hultberg v. Louisiana, 163 F.3d 1356 (5th Cir. 1998). Thus, the Rooker-Feldman doctrine bars federal courts from entertaining collateral attacks on state-court judgments. United States v. Shepherd, 23 F.3d 923, 924 (5th Cir.1994) (discussing D.C. Court of Appeals v. Feldman, 460 U.S. 462, 482 (1983), and Rooker v. Fid. Trust Co., 263 U.S. 413, 416 (1923)). This court simply cannot overrule the state court's order regarding proceedings in forma pauperis.

Furthermore, although Petitioner believes his state case should not be stayed until his fees are paid, the Louisiana law

---

[1] Neitzke v. Williams, 490 U.S. 319, 325 (1989).

[2] Id. at 328.

[3] Id.

regarding pauper proceedings provides:

> (2)(a) The order granting a prisoner's request to proceed in forma pauperis automatically stays all proceedings, including any service of process, until all costs of court or fees due the clerk by the prisoner in this matter are paid. During the pendency of the stay the prisoner may not take any action to prosecute the suit, including but not limited to filing any pleadings, discovery, or motions other than a motion for voluntary dismissal or a motion to lift the stay because all costs have been paid.

LSA-R.S. 15:1186(2)(a). The federal court's rules regarding proceedings *in forma pauperis* do not apply to the Louisiana state courts. Thus, even if this Court had jurisdiction, it appears that the state court accurately cited the Louisiana law.

To the extent that Petitioner seeks mandamus relief under 28 U.S.C. §1651, his claim also fails. Although that statute gives federal courts authority to issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law, a federal court lacks the general power to issue writs of mandamus to direct state courts and their judicial officers in the performance of their duties where mandamus is the only relief sought. See <u>Lamar v. 118th Judicial District Court of Texas</u>, 440 F.2d 383 (5th Cir. 1971); <u>Haggard v. Tennessee</u>, 421 F.2d 1384 (6th Cir. 1970). Likewise Title 29 U.S.C. §1361 only gives district courts jurisdiction to compel an officer or employee *of the United States* to perform a duty owed to the Plaintiff. Thus, Petitioner is not entitled to mandamus relief.

4

*Conclusion*

For the foregoing reasons, **IT IS RECOMMENDED** that the "appeal" be **DENIED** and **DISMISSED WITH PREJUDICE** as frivolous under 28 U.S.C. §1915(e)(2)(B) and 1915A.

*Objections*

Under the provisions of 28 U.S.C. §636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs or responses (such as supplemental objections, reply briefs etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before he makes his final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE TO WHICH THE PARTY DID NOT OBJECT.**

**THUS DONE AND SIGNED** at Alexandria, Louisiana, this _____ day of May, 2015.

_____
JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE